THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>DOUGLAS EDWARD GARLICK,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S [66] MOTION TO STAY**<br><br>Case No. 2:23-cr-00290-DBB<br><br>District Judge David Barlow |

On August 9, 2023, Mr. Douglas Garlick was indicted for violating 18 U.S.C. § 922(g)(1), Felon in Possession of Firearms and Ammunition. The Indictment alleges that Mr. Garlick, who had previously been convicted of a felony, knowingly was in possession of a total of 16 pistols, revolvers, rifles, shotguns, and associated ammunition. He was arrested that same day. At his detention hearing, the Magistrate Judge ordered him detained. On January 12, 2024, the Magistrate Judge released Mr. Garlick from pretrial detention. During the pendency of this case, Mr. Garlick previously moved to continue his trial date four times.

On October 24, 2024, Mr. Garlick filed a motion to dismiss the Indictment. The government responded. Mr. Garlick did not reply. The court entered an order noting this, and granted Mr. Garlick until January 21, 2025 to file a reply, if any. On January 17, 2025, Mr. Garlick moved for a further extension of time to file a reply, which the court granted. On the

deadline, Mr. Garlick did not file a reply in support of his motion to dismiss. Instead, he filed a motion to stay the case.[1]

The court now considers Mr. Garlick's Motion to Stay ("Motion"). The Motion seeks an "administrative stay" until the Tenth Circuit's decision in *Vincent v. Bondi* "becomes final."[2] The Motion argues that the Tenth Circuit resolved the case "without applying the relevant constitutional test," that Ms. Vincent's attorneys plan to seek further appellate review, and that "there is no urgency to resolve this case" and it "does not make sense to propel [Mr. Garlick] to guilty plea or trial."[3] The government responds that none of these arguments are sufficient to stay the case.[4]

Mr. Garlick's Motion must be denied. First, he cites no authority for the stay that he seeks. That alone supports denial of the request for a stay that would be of indefinite duration.

Second, his argument is predicated on his disagreement with the Tenth Circuit's decision in *Vincent v. Bondi* (*Vincent II*).[5] In *Vincent II*, the Tenth Circuit considered on remand whether the Supreme Court's decision in *United States v. Rahimi* affected its earlier decision in *Vincent v. Garland* (*Vincent I*).[6]

*Vincent II* began by noting that the court had "freshly considered the Second Amendment claim and conclude[s] that *Rahimi* doesn't undermine the panel's earlier reasoning or result."[7] It

---

[1] Motion to Stay, ECF No. 66
[2] *Id.* at 3.
[3] *Id.* at 1–4.
[4] Opposition, ECF No. 67.
[5] 127 F.4th 1263 (10th Cir. 2025).
[6] *Id.*
[7] *Id.* at 1263.

noted that the Tenth Circuit's earlier decision in *United States v. McCane* binds the Tenth Circuit unless the Supreme Court has "indisputably and pellucidly abrogated our precedent."[8] Earlier, in an unpublished decision, the Tenth Circuit had found that the Supreme Court's decisions in *Rahimi* and *United States v. Bruen* did not clearly abrogate *McCane*.[9] *Vincent II* further noted that the Supreme Court in *District of Columbia v. Heller* stated that "it was not 'cast[ing] doubt on longstanding prohibitions on the possession of firearms by felons.'"[10] And in *Rahimi*, the Supreme Court "again recognized the presumptive lawfulness of these longstanding prohibitions, 'like those on the possession of firearms by 'felons.'"[11] The Tenth Circuit concluded that "*McCane* remains binding"[12] and that the Second Amendment does not prevent the application of 18 U.S.C. § 922(g)(1) to both violent and nonviolent offenders.[13]

Mr. Garlick is critical of the Tenth Circuit's approach, contending that it is "puzzling" why the court "refused to apply *Bruen*'s historical test."[14] Putting aside the fact that the Tenth Circuit does, in fact, explain its approach,[15] what matters is that this court is bound. It does not sit in review of higher courts. The law in this circuit is clear under *McCane* and *Vincent II*.

Third, and finally, Mr. Garlick does not explain how a possible attempt to reverse the denial of relief for a nonviolent offender in another case would lead to relief for him. As the

---

[8] *Id.* at 1264.
[9] *Id.*
[10] *Id.* at 1265.
[11] *Id.* at 1265 (quoting *United States v. Rahimi*, 602 U.S. 680, 682 (2024).
[12] *Id.* at 1265.
[13] *Id.* at 1265–66.
[14] Motion at 2.
[15] *Vincent II,* 127 F.4th at 1265 n.2.

government notes,[16] Mr. Garlick previously was convicted of aggravated robbery. Even if the other plaintiff were to seek additional review, and the Tenth Circuit en banc were to reverse its decision in *Vincent II*, or if the Supreme Court were to grant cert and reverse, Mr. Garlick provides no argument for why relief for a nonviolent offender would apply to him.

    The court understands that Mr. Garlick, who is on pretrial release, likely would like to wait to have his case decided as late as possible, preferably after a hoped-for change in the law governing the offense in question. But his motion does not show that any change in the law might occur soon or that any such change likely would apply to him.

    For the foregoing reasons, his motion is denied.

    Signed March 26, 2025

BY THE COURT

_____
David Barlow
United States District Judge

---

[16] Opposition at 2.